# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made and entered into by and among Stanislawa Animucka ("Animucka") and Rubin Singer and Alik Singer. (collectively, "Defendants") (each party referred to as a "Party" and Animucka and Defendants collectively referred to herein at times as the "Parties").

**WHEREAS,** Animucka is presently the plaintiff in a lawsuit pending against Defendants in the case styled *Stanislawa Animucka v. Rubin Singer, et al*, No. 1:20-cv-07867-ER, currently pending in the United States District Court for the Southern District of New York (the "Action") alleging, *inter alia*, common law breach of contract and failure to pay wages, failure to provide statutorily required wage notices wage statements, purportedly in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

**WHEREAS,** Defendants deny all of the allegations in the Action and further deny that they engaged in any unlawful conduct with respect to Animucka at any time;

**WHEREAS,** Animucka and Defendants have negotiated in good faith to reach a mutually acceptable settlement, which constitutes a reasonable compromise of Animucka's claims and Defendants' defenses and the *bona fide* dispute between the Parties;

**WHEREAS,** the Parties desire to fully and finally resolve and settle in full all wage and hour and unpaid compensation claims that Animucka has, has had, or may have against Defendants, by way of this Agreement;

**NOW, THEREFORE,** in consideration of the mutual promises, covenants, representations, and other consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "WHEREAS" clauses in this Agreement, the Parties agree as follows:

1.  Except as otherwise set forth in Paragraph 6, in consideration of the payment to Animucka by Defendants of THIRTY THOUSAND DOLLARS AND ZERO CENTS ($30,000.00) (the "Settlement Amount"), representing payment for all of Animucka's alleged damages in connection with the Action, as well as Animucka's counsel's costs and fees ($10,845.17), an amount to which Animucka is not otherwise entitled, Animucka hereby releases and forever discharges Rubin Singer, Alik Singer, House of RS, Inc. ("House of RS"), as well as, as applicable, their current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, and attorneys, as well as anyone employed by or affiliated with House of RS, deemed by Animucka to be an "employer" both individually and in their official capacities, as well as House of RS's respective parents companies, affiliates, predecessors, successors, subsidiaries. and other related companies (all of said individuals and entities, hereinafter collectively referred to, jointly and severally, as "Releasees"), from any and all claims, complaints, causes of action, lawsuits, demands, back-wages, attorneys' fees, benefits, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern Animucka's allegations as set forth in the action (including minimum wage, overtime, unpaid compensation, liquidated damages, interest, and/or statutory penalties) purportedly owed to Animucka under the FLSA, NYLL, or any other law, regulation, or ordinance regulating the payment of wages, recordkeeping requirements under the FLSA or NYLL, and the provision of documents to employees under the FLSA or NYLL, which Animucka, her heirs executors, administrators, agents, successors, and assigns, has, had, or hereafter can have against the Releasees, from the beginning of time to the date of this Agreement, including, but not limited to, any and all claims raised in the Action (the "Released Matters").

2. Within five (5) business days after the date counsel for Defendants receives this Agreement, fully executed and signed by Animucka, and the Stipulation of Dismissal in the form annexed hereto as Exhibit "A" (the "Stipulation"), executed by Animucka's counsel, or at some other time as ordered by the Court in the Action, Animucka's counsel will file the Agreement, a joint motion in support of same, and the Stipulation to the docket of the Action for the Court's approval and signature.

3. Provided that: (i) the Agreement is executed by Animucka; (ii) the Stipulation is executed by Animucka's counsel; (iii) the executed Agreement and the executed Stipulation are provided to Defendants' counsel; (iv) Animucka and her counsel provide Defendants' counsel with all necessary tax forms; and (v) the Court approves the terms of the Agreement, the Settlement Amount shall be paid as follows:

   a. Within thirty (30) days of the Court's approval of the Agreement, Defendants shall issue or cause to be issued a lump sum payment of $10,000.00 as follows:

      i. One (1) check in the amount of $5,821.43 to be reported on an IRS Form 1099, made payable to "Stanislawa Animucka".

      ii. One (1) check in the amount of $4,178.57 to be reported on an IRS Form 1099, made payable to "Robert Wisniewski P.C.".

   b. Within thirty (30) days following the payment identified in Paragraph 3.a., Defendants shall issue or cause to be issued twenty (20) monthly installment payments of $1,000.00 within thirty (30) days of the preceding payment:

      i. One (1) check in the amount of $666.67 to be reported on an IRS Form 1099, made payable to "Stanislawa Animucka".

      ii. One (1) check in the amount of $333.33 to be reported on an IRS Form 1099, made payable to "Robert Wisniewski P.C.".

4. All Defendants are jointly and severally liable for the Settlement Amount. Defendants agree to timely transmit the payments identified in Paragraph 3 above on or before the due dates identified therein. In the event Defendants default in making any payment, or make an incomplete payment, of the Installment Payment to Animucka or Robert Wisniewski P.C. in accordance with this Agreement on the date that such Settlement Sum or Installment Payment is due, then Animucka shall deliver to Defendants a written notice of such payment default in accordance with Paragraph 20. Defendants then shall have seven (7) business days to cure the default (the "Cure Period"). Defendants shall have the right to cure the default only two (2) times. If Defendants default for the third time, they will not have the right to cure the default and the remaining Settlement Sum (that is, the entire Settlement Sum set forth in this Agreement minus payments actually made) shall automatically become due and payable in one lump sum on the date that the defaulted Installment Payment was due and payable ("Accelerated Settlement Payment"). In that event, Defendants shall have twenty (20) business days to pay the entire Accelerated Settlement Payment, but shall not have a right to cure such default by making just the defaulted Installment Payment. If Animucka or Robert Wisniewski P.C., as the case may be, does not receive the Accelerated Settlement Payment within twenty (20) business days of its becoming due and payable, Animucka or Robert Wisniewski P.C. shall apply to the United States District Court for the Southern District of New York, or to any court of competent jurisdiction

within New York County, against Defendants without further notice for the Accelerated Settlement Payment, plus damages and attorneys' fees and costs as provided for in Paragraph 8.

    5.    Animucka understands that Defendants are not making any representations regarding the taxability of the Settlement Amount, and Animucka agrees that she is responsible for paying appropriate taxes regarding the Settlement Amount. The Settlement Amount shall be payable by checks (as set forth in Paragraph 3 above) and shall be delivered to Robert Wisniewski, Esq., Robert Wisniewski P.C., 17 State Street, Suite 820, New York, NY 10004. Defendants will provide the appropriate tax forms. Animucka and Robert Wisniewski P.C. shall provide appropriate tax forms to allow Defendants to process payment of the Settlement Amount, including but not limited to IRS Form W-9. The Parties agree that, to the extent that any federal, state, or local taxes and/or penalties of any kind may be due or payable as a result of the payment of the Settlement Amount, each party shall be responsible for its, her or his taxes.

    6.    The Release in Paragraph 1 above does not affect or limit: (i) claims that may arise after the date that Animucka executes this Settlement Agreement; (ii) the Parties' rights to enforce the terms of this Agreement; (iii) Animucka's rights to receive benefits for occupational injury or illness under the Workers' Compensation Law; (iv) Animucka's right to continue to pursue rights and remedies available to her as set forth in the bankruptcy proceeding involving House of RS in the United States Bankruptcy Court for the Southern District of New York bearing docket number 18-12794-jlg (the "Bankruptcy Action"), as set forth in her Proof of Claim; or (v) any other claims that, under controlling law, may not be released by this Agreement. In addition, nothing in this Agreement waives or limits Animucka's rights to file a charge with the Equal Employment Opportunity Commission ("EEOC") or a similar state or local agency, or with the National Labor Relations Board, or to provide information to or assist such agency in any proceeding, provided, however, that Animucka hereby agrees that by signing this Agreement, she is relinquishing any right to receive any personal monetary relief or personal equitable relief with respect to any claim filed by her or on her behalf, including in connection with any EEOC Charge. Moreover, nothing in this Agreement is intended to, or shall, prevent, impede, or interfere with Animucka's non-waivable right, without prior notice to Defendants, to provide information to the government, participate in investigations, file a complaint, testify in proceedings regarding the Defendants' past or future conduct, or engage in any future activities protected under the whistleblower statutes, or to receive and fully retain a monetary award from a government-administered whistleblower award program for providing information directly to a government agency.

    7.    Animucka represents that, other than the Action and the Bankruptcy Action, she has no suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against Defendants or Releasees with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board, nor are they aware of any facts that would serve as the basis for any civil or administrative proceeding. Animucka agrees (to the maximum extent permissible by law) that she will not in the future file any action, suit, complaint, claim, grievance, demand for arbitration or other proceeding against any of the Defendants or Releasees, either individually or as a member of a class in any class or collective action, in any court or other forum with regard to any claim, demand, liability, obligation or matter arising out of any allegations set forth in the Action, including but not limited to, Defendants' and House of RS's alleged failure to pay of wages or compensation to Animucka, except to the extent she is compelled lawfully to do so pursuant to a court order or subpoena, or other legal process.

    8.    The Parties acknowledge and agree that the provisions in this Agreement are express and absolute conditions of this Agreement, are bargained-for consideration for the rights contained in

this Agreement, and are not mere recitals, and that any material violation of the terms and conditions of the provisions of the Agreement shall constitute a material breach of this Agreement. The parties further acknowledge and agree that a material breach of any provisions in this Agreement, including but not limited to the Settlement Payment provisions and the non-disparagement provision of this Agreement, might cause great damage and injury to the other party and that such provisions provide a material element of the Agreement, and inducement to enter, into this Agreement. Accordingly, it is expressly understood and agreed that any claim for breach of this Agreement shall be submitted to the court pursuant to the terms of Paragraph 18 below, with the prevailing party to be awarded damages as well as costs, including reasonable attorneys' fees, including on appeal and in collection proceedings. Thus, in an action for breach of the Agreement, the prevailing Party may be entitled to actual damages and also to recover any and all damages that it may have in law or equity (including, but not limited to reasonable attorneys' fees, costs, expenses, and disbursements, including on appeal and in collection proceedings). Further, such Party may be entitled to an injunction against the offending Party restraining any further violation of these provisions. The waiver by any Party of a breach of any provision of this Agreement shall not operate as or be construed as a waiver of any subsequent breach by any Party.

9. The Parties agree not to maliciously disparage each other in any manner whatsoever. This Paragraph shall not restrict the Parties from (i) making truthful statements to other regarding the facts underlying Animucka's claims and/or the Parties' experiences in litigation the case; (ii) responding to any inquiry from applicable regulatory or other authorities or to provide information pursuant to legal process, court order, subpoena, or other effective directive by a court, administrative agency, arbitration panel, or legislative body, or pursuant to law, rule, regulation, or other requirement; (iii) enforcing this Agreement; (iv) discussing the Parties generally with legal counsel in a context in which it reasonably is expected that the attorney will maintain as confidential under the attorney-client privilege; or (v) communicating with, or participate in an investigation conducted by, the EEOC or any other international, federal, state, or local government agency or law enforcement entity.

10. Animucka acknowledges that she has not divested, hypothecated, or otherwise bargained away any interest she possesses in her claims. Animucka acknowledges and represents that she knows of no other person or entity that holds a remunerative interest in any plausible legal claim she could assert, and Animucka acknowledges and represents that there are no other persons or entities with standing to bring any plausible claims that could have been asserted by Animucka.

11. This Agreement does not constitute an admission by Defendants or Releasees of any unlawful acts or of any violation of any federal, state, or local constitution, statute or regulation, or any common law right. The Parties have entered into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation. Defendants expressly deny liability for any and all claims asserted by Animucka, and the Parties agree that this Agreement may not be introduced in any action or proceeding by anyone for any purpose except to enforce its terms.

12. Animucka knowingly, voluntarily, and freely agrees and acknowledges that, as of the date of this Agreement, she has been fully compensated for all hours worked during the entire time she rendered services to and her alleged employment with Defendants. Animucka further agrees and affirms that the payments provided for in Paragraph 3 constitute the entire, maximum, and only financial obligation of Defendants to Animucka, and that she has been paid and/or has received all compensation, wages, bonuses, commissions, leave (paid or unpaid), and/or benefits to which she may be entitled and that no compensation, wages, bonuses, commissions, other leave (paid or unpaid), benefits, and/or damages are due to her from Defendants.

13. This Agreement shall inure to the benefit of Defendants, their predecessors, successors, and assigns, and each of the Releasees, and be binding upon Animucka's heirs, executors, administrators, legal representatives, successors, and assigns.

14. This Agreement constitutes the entire agreement of the Parties. All other prior or contemporaneous agreements or understandings, verbal or written, are null and void. Furthermore, no modification of this Agreement shall be made except by written agreement between the parties.

15. Animucka confirms that she has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement, or by any act or omission of Defendants to execute this Agreement, in connection with Animucka's claims in the Action.

16. Should a court of competent jurisdiction hold any provision of the Agreement unenforceable or invalid, the Agreement shall be construed and enforced as if not containing that provision.

17. This Agreement shall not be interpreted in favor of or against either party on account of such Party's counsel having drafted this Agreement and may only be modified, altered, or changed in writing, signed by the Parties.

18. This Agreement shall be governed by the laws of the State of New York, and the venue for any action arising therefrom shall be the state and federal courts with jurisdiction over New York County, New York. The Parties hereby irrevocably consent to jurisdiction and venue in those courts.

19. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be a single agreement. The signatures to this Agreement need not all be on a single copy of this Agreement and may be facsimiles or other electronic transmissions rather than originals and shall be fully as effective as though all signatures were originals on the same copy.

20. All other notices or documents set forth herein shall be delivered to counsel for Defendants, Justin A. Guilfoyle, Esq., Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, email: *jguilfoyle@bakerlaw.com*; and Animucka's counsel, Robert Wisniewski, Esq., Robert Wisniewski P.C., 17 State Street, Suite 820, New York, NY 10004, email: *rw@rwapc.com*.

21. Animucka represents that she has been advised to consult legal counsel regarding this Agreement, and in fact, has consulted legal counsel of her own choosing. Animucka further represents that, after having had the opportunity to review and consider the provisions of this Agreement and having discussed them with legal counsel of her own choosing, she fully understands all of the provisions of this Agreements and has executed same freely and voluntarily.

[ *Signature Page Follows* ]

IN WITNESS WHEREOF, the parties have executed this Settlement and Release Agreement on the dates indicated below.

Dated: July 11, 2022

_____
**STANISLAWA ANIMUCKA**

STATE OF NEW YORK      )
                      ) ss:
COUNTY OF NEW YORK     )

On the 11 day of July, 2022, before me, the undersigned, a notary public in and for the State of New York, personally appeared STANISLAWA ANIMUCKA, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, she executed the instrument.

_____
NOTARY PUBLIC

Robert J. Wisniewski
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02WI6103838
Qualified in New York County
Commission Expires March 29, 2024

Dated: Aug 1, 2022

_____
**RUBIN SINGER**

STATE OF NEW YORK      )
                      ) ss:
COUNTY OF NEW YORK     )

On the 1 day of August, 2022, before me, the undersigned, a notary public in and for the State of New York, personally appeared RUBIN SINGER, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, he executed the instrument.

_____
NOTARY PUBLIC

ADAM DIAZ
NOTARY
NO. 01DI6431328
QUALIFIED IN
BRONX COUNTY
COMM. EXP. 04-04-2026
STATE OF NEW YORK PUBLIC

Dated: Aug 1, 2022

_____
**ALIK SINGER**

STATE OF NEW YORK      )
                      ) ss:
COUNTY OF NEW YORK     )

On the 1 day of August, 2022, before me, the undersigned, a notary public in and for the State of New York, personally appeared ALIK SINGER, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, he executed the instrument.

_____
NOTARY PUBLIC

ADAM DIAZ
NOTARY
NO. 01DI6431328
QUALIFIED IN
BRONX COUNTY
COMM. EXP. 04-04-2026
STATE OF NEW YORK PUBLIC