UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STANISLAWA ANIMUCKA,

                Plaintiff,

– against –

RUBIN SINGER and ALIK SINGER,

                Defendants.

**OPINION & ORDER**

20 Civ. 7867 (ER)

RAMOS, D.J.:

      Stanislawa Animucka brought this action on September 23, 2020, against defendants Ruben Singer and Alik Singer ("Defendants"). Doc. 4. She alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *Id.* Animucka set out three sets of allegations: first, that Defendants failed to pay her all the regular and overtime wages that she was owed, in violation of 29 U.S.C. §§ 206 and 207, 29 C.F.R. § 552, NYLL § 198, and 12 N.Y.C.R.R. §§ 137–43; second, that her wage payments were routinely at least one week late, in violation of NYLL § 191(a)(1); and third, that Defendants neglected to provide her with wage notices and wage statements as required under NYLL §§ 195.1 and 195.3. *Id.* at 2, 8–9. Before the Court is the parties' motion for settlement approval. Doc. 57. For the following reasons, the motion for settlement approval is GRANTED.

**I.    LEGAL STANDARD**

      In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor ("DOL"). *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted). In determining whether the proposed settlement is fair and reasonable,

"a court should consider the totality of circumstances, including, but not limited to, the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id*. (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

## II.   DISCUSSION

### A.  Range of Recovery

The proposed settlement agreement provides a total recovery of $30,000. Doc. 57 at 3. Animucka's counsel will receive $10,845 for attorneys' fees and costs. *Id*. After attorneys' fees and costs, Animucka will receive $19,155. *Id*.

Animucka estimates her maximum recovery—were she to prevail on *all* issues at trial—would be approximately $171,824, including liquidated damages. *Id*. at 2–3. Specifically, Animucka calculates that she was owed $10,322 in unpaid wages and overtime, $10,322 in corresponding liquidated damages, $10,000 for wage notice and paystub violations, and approximately $141,180 for unpaid weekly wages owed to "manual workers" under NYLL § 191. Thus, the settlement does not constitute full payment of all her claims. Rather, it represents approximately 17.5% of her total recovery. *Id*. at 2–3.

In the instant case, the proposed amount is fair and reasonable. *See Khan v. Young Adult Inst., Inc.*, No. 18 Civ. 2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from 25% to 40% of plaintiff's maximum recovery). There is value to Plaintiff receiving a settlement without experiencing the risks and delays inherent in litigation. Furthermore, Plaintiff's counsel notes that Plaintiff had legitimate concerns about her ability to collect a judgment in this matter. Doc. 57 at 4. Additionally, the settlement amount covers all of Animucka's alleged unpaid wages and overtime wages, nearly all of the liquidated damages for those alleged unpaid sums, and all of the damages stemming from the alleged wage notice and paystub violations. *Id.* at 3.

"Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'" *Palma Flores v. M Culinary Concepts, Inc.*, No. 19 Civ. 1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (citation omitted). Considering the aforementioned uncertainties and the risk of litigation, the settlement resolves *bona fide* disputes and reflects a reasonable compromise that fairly compensates Plaintiff. *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that settlement amount was a "reasonable compromise of disputed issues" (citation omitted)). Finally, this settlement resulted from arm's length negotiations that took place over the course of multiple weeks, wherein the parties were represented by experienced labor and employment attorneys. Doc. 57 at 4–5. Accordingly, the Court finds that the proposed settlement amount is fair and reasonable.

### B. Attorneys' Fees & Costs

The Court finds the proposed attorneys' fees and costs to be reasonable. Plaintiff's counsel will receive $10,845 for attorneys' fees and costs, which is approximately one

third of the settlement. Doc. 57 at 3. This is a reasonable percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). Nonetheless, "courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Plaintiff's counsel has submitted billing records for two attorneys: (1) Robert Wisniewski, billed at a rate of $450 per hour, and (2) Barbara Luberadzka, billed at a rate of $125 per hour. Doc. 57 at 6; Doc. 57-2 at 1–6. Wiesniewski has 28 years of experience litigating employment cases, and he has worked on more than 400 cases like Animucka's. *Id.* Luberadzka is a recently admitted associate. *Id.*

As to Wisniewski, the Court finds that the hourly rate of $450 is reasonable. *See, e.g.*, *Lopez v. Emerald Staffing, Inc.*, No. 18 Civ. 2788 (SLC), 2020 WL 915821, at *13 (S.D.N.Y. Feb. 26, 2020) (noting that, as of 2020, courts in this District generally awarded experienced wage-and-hour attorneys between $300 to $400 per hour); *Rodriguez v. 3551 Realty Co.*, No. 17 Civ. 6553 (WHP), 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017) (stating that although hourly rates of $450 for partners and $350 for associates were "somewhat higher than the presumptively reasonable rates in this District [in 2017], they are not beyond the pale"). Indeed, Wisniewski's hourly rate is commensurate with other similarly experienced employment attorneys. *See* Doc. 57 at 6–7.

As to Luberadzka, who is an associate, the Court also finds that the hourly rate of $125 is reasonable. While "courts are generally more skeptical of requested hourly rates when the applicant fails to provide information about the backgrounds of the relevant

4

attorneys and paralegals," the parties' letter notes that Luberadzka is a "recently admitted associate." *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 28 (S.D.N.Y. 2015); Doc. 57 at 6. That statement provides sufficient context for the Court to assess the reasonableness of the corresponding fees, which are well within the range that courts in this District typically award for the work of associates. *See Rodriguez*, 2017 WL 5054728, at *3. The Court thus concludes that Luberadzka's hourly rate of $125 per hour is reasonable.

The records submitted by Plaintiff's counsel show that Wisniewski spent 26.1 hours on the case at a $450 hourly rate, resulting in a lodestar of $11,745, and Luberadzka spent 54.5 hours on the case at a $125 hourly rate, resulting in a lodestar of $6,812.50. Doc. 57-2 at 1–6. Therefore, the total lodestar is $18,557.50. *Id.* at 6. Animucka's counsel seeks $10,845 in attorneys' fees and costs, $1,113 of which represent costs. *See* Doc. 57 at 3. The lodestar of $18,557.50, compared to the requested $9,732 of the settlement (net of costs), results in a lodestar multiplier (net of costs) of approximately 1.98. *See* Doc. 57-2 at 6–7. As courts in this District have clarified, "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court accepts the multiplier of 1.98 and determines that the $10,845 in attorneys' fees and costs is reasonable under the circumstances.

### C. Other Provisions

The Court finds all other provisions of the settlement to be fair and reasonable, as it includes no non-defamation or confidentiality provisions. Doc. 57 at 3; *see Doe v. Solera Capital LLC*, No. 18 Civ. 1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021). With respect to Animucka's obligations under the agreement, the release appropriately discharges only claims pursuant to Animucka's allegations, including her claims under the FLSA, NYLL, and regulations, concerning unpaid wages, record-keeping violations, and failure to provide proper wage notices and wage statements. Doc.

57-1 at 1; *see Solera Capital LLC*, 2021 WL 568806, at *1 ("factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues"); *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181 (finding that courts typically reject broad releases that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues").

The settlement agreement also includes a mutual non-disparagement clause. Doc. 57-1 at 4. Because the non-disparagement clause includes a carve-out for truthful statements about the facts underlying Animucka's claims and the parties' experience litigating the case, it is permissible. *Id.*; *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 180 n.65; *accord Quic*, 2021 WL 4710794, at *2; *Weng v. T&W Rest., Inc.*, No. 15 Civ. 8167 (PAE) (BCM), 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016); *Lopez v. Ploy Dee, Inc.*, No. 15 Civ. 647 (AJN), 2016 WL 1626631, at *3 (S.D.N.Y. Apr. 21, 2016).

### III. CONCLUSION

The Court finds that the proposed settlement agreement is fair and reasonable and approves the agreement. The Clerk of Court is respectfully directed to terminate the motion, Doc. 57, and close the case.

It is SO ORDERED.

Dated: October 19, 2022
   New York, New York

_____
EDGARDO RAMOS, U.S.D.J.